**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PATRICK E. MEYERS et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 9878-VCL |
| | ) | |
| QUIZ-DIA LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| QUIZ-DIA LLC et al., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKFORD MANAGER LLC et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM OPINION**

Date Submitted: November 21, 2016
Date Decided: January 10, 2017

John T. Dorsey, Richard J. Thomas, Emily V. Burton, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Bruce S. Bennett, Christopher Lovrien, Nathaniel P. Garrett, Sarah G. Conway, JONES DAY, Los Angeles, California; *Counsel for Plaintiffs*.

Brock E. Czeschin, Blake Rohrbacher, Susan M. Hannigan, Elizabeth A. DeFelice, Brian F. Morris, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; *Counsel for Defendants and Third-Party Plaintiffs*.

**LASTER, V.C.**

The Quiznos fast-casual sandwich-shop enterprise operates through a complex web of entities. Three of those entities are the defendants: Quiz-DIA LLC, Quizmark LLC, and QCE Gift Card LLC (together, the "Subs"). Quiz-DIA and Quizmark are Delaware limited liability companies. QCE Gift Card is an Arizona limited liability company.

Plaintiff Greg MacDonald previously served as the Chief Executive Officer for the Quiznos organization. Plaintiff Dennis Smythe previously served as the Chief Financial Officer for the Quiznos organization. MacDonald and Smythe (together, the "Officer Plaintiffs") have sued to enforce their rights to indemnification and advancement under the operating agreements governing the Subs.

The Officer Plaintiffs seek indemnification and advancement for expenses incurred investigating and defending against claims asserted against them by funds affiliated with Avenue Capital Management II, L.P. and Fortress Investment Group LLC (collectively, the "Funds"). The Funds acquired control of Quiznos through a complicated out-of-court restructuring that closed in 2012 (the "Restructuring").

In summer 2013, the Officer Plaintiffs began to suspect that the Funds might sue them for their role in the Restructuring. The Funds asked each of them to attend meetings at which Fund representatives expressed frustration with the Restructuring and Quiznos' continuing financial decline. In advance of the meetings, the Officer Plaintiffs retained the law firm of Jones Day to investigate potential claims that the Funds might pursue.

In March 2014, numerous Quiznos entities (but not the Subs) filed a petition for bankruptcy. Their filings disclosed that "[t]he Reorganized Debtors [and the Funds]

1

w[ould] enter into [a] Specified Litigation Agreement" to pursue "Specified Litigation Claims" against various individuals, including the Officer Plaintiffs.

In July 2014, the Funds sued the Officer Plaintiffs and others in the United States District Court for the District of Colorado (respectively, the "District Court" and the "Colorado Action"). The complaint alleged that the defendants induced the Funds to participate in the Restructuring by creating financial projections "that made it appear that the debt burden and capital structure that would remain in place post-[Restructuring] would be sustainable . . . ." The Funds asserted claims for violations of the federal securities laws and common law fraud.

On September 17, 2015, the District Court dismissed the Colorado Action. The Funds appealed, but the Officer Plaintiffs and other plaintiffs to this case nevertheless sought indemnification, claiming incorrectly that the trial-level dismissal constituted a final disposition for purposes of indemnification. On November 30, 2016, this court dismissed that aspect of the case as premature. Dkt. 200 (the "Delaware Dismissal Order").

On December 13, 2016, the United States Court of Appeals for the Tenth Circuit (the "Court of Appeals") affirmed the dismissal of the Colorado Action. The next day, the Officer Plaintiffs and other parties to this case moved to vacate the Delaware Dismissal Order. They argued that because the Court of Appeals affirmed the District Court's ruling, the claims for indemnification became ripe. Dkt. 202.

When the plaintiffs sought to vacate the Delaware Dismissal Order, the time for the Funds to seek rehearing en banc had not yet passed, so the plaintiffs' claims for

indemnification remained premature. The time for seeking rehearing en banc has now passed. At this point, the Funds can petition the United States Supreme Court for certiorari.

Meanwhile, there remain pending cross motions for summary judgment in which the Officer Plaintiffs and the Subs have asked this court to rule on the existence and scope of the Officer Plaintiffs' advancement right under one of the Sub's operating agreements. As long as the decision in the Colorado Action is not yet final, then this claim is ripe for decision. But once the decision in the Colorado Action becomes a final disposition, then the advancement claim becomes moot and the indemnification claims become ripe.

Although there is some overlap, the issues of indemnification and advancement are "legally quite distinct." *Advanced Min. Sys. v. Fricke*, 623 A.2d 83, 84 (Del. Ch. 1992) (Allen, C.). For purposes of this case, the analysis will proceed differently depending on which doctrine applies.

The Funds have a limited time in which to petition the United States Supreme Court for a writ of certiorari relating to the Colorado Action. Rule 13 of the Rules of the Supreme Court of the United States provides in relevant part as follows:

> 1. Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . . .
>
> . . .
>
> 3. The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).

Sup. Ct. R. 13(1), 13(3). The Court of Appeals issued its judgment on December 13, 2016. Rule 13 gives the Funds until March 13, 2017, to petition for a writ of certiorari.

A claim for advancement is a summary proceeding. *See* 8 *Del. C.* § 145(k). Ordinarily, this court would not await developments in another jurisdiction before adjudicating an advancement claim. *See Fuisz v. Biovail Techs., Ltd.*, 2000 WL 1277369, at *1 (Del. Ch. Sept. 6, 2000). But this case is different. The nature of the rights that the plaintiffs asserted, and the order in which they asserted them, prevented the court from resolving the advancement issues summarily. At this point, the case has been pending since July 11, 2014. Serious questions have been raised about the ability of the court to rule on the Officer Plaintiffs' advancement rights, because they did not produce detailed invoices to support the amounts they seek until after the discovery cutoff. At the same time, the Officer Plaintiffs appear to be well-heeled individuals, and another plaintiff has been funding their litigation efforts (subject to its claim of subrogation against the defendants). As shown by the dismissal of the Colorado Action and the affirmance of that decision on appeal, the Officer Plaintiffs' legal representation has not been compromised to date by the lack of advancement.

It does not appear that any harm will befall the Officer Plaintiffs if this court waits to analyze the issues until it is clear whether there will be continued proceedings before the United States Supreme Court. The certiorari process, for example, does not require any meaningful outlay of resources from the Officer Plaintiffs.

A trial court has inherent authority to control its docket, including by entering a stay. *See Parfi Hldg. AB v. Mirror Image Internet, Inc.*, 926 A.2d 1071, 1075 (Del. 2007).

4

Whether the plaintiffs have a right to indemnification or advancement soon will become clear. If the Funds petition for certiorari and the United States Supreme Court grants it, then this court will rule on the Officer Plaintiffs' entitlement to advancement. If the writ is not sought or if the petition is denied, then this court could rule on the Officer Plaintiffs' entitlement to indemnification, assuming the Officer Plaintiffs still want the court to do so in the context of this action and on the current record. The parties shall report to the court promptly regarding developments in the Colorado Action, including (i) whether the Funds seek a writ of certiorari and (ii) the disposition of their petition.

For these reasons, the motion to vacate is **DENIED**. Further proceedings regarding the Officer Plaintiffs' claim to advancement under one of the Sub's operating agreements, and the related claim to subrogation, are **STAYED** pending additional developments in the certiorari process for the Colorado Action.

5